IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY FOWLER and CONNIE FOWLER, | § § § § § | |
| Plaintiffs, | § | |
| v. | § § | |
| U.S. BANK, NATIONAL ASSOCIATION, Successor Trustee to BANK OF AMERICA, N.A., as Successor Trustee to LASALLE BANK, N.A. as Trustee for the MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FF1; BANK OF AMERICA, N.A.; FIRST FRANKLIN, a Division of NATIONAL CITY BANK; and KH FINANCIAL, L.P., | § § § § § § § § § § § § § | CIVIL ACTION NO. H-13-3241 |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Timothy and Connie Fowler ("Plaintiffs") brought this action against defendants U.S. Bank, National Association, Successor Trustee to Bank of America, N.A., as Successor Trustee to LaSalle Bank, N.A. as Trustee for the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FF1 ("U.S. Bank"), Bank of America, N.A. ("Bank of America") (collectively, "Defendants"), First Franklin Financial Corporation ("First Franklin"), and KH Financial LP ("KH") in the 234th Judicial District Court of Harris County, Texas, where it was

filed under Cause No. 2013-65260. Defendants U.S. Bank and Bank of America removed the action to this court.[1]  Pending before the court is Defendants U.S. Bank, National Association, Successor Trustee and Bank of America, N.A.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") (Docket Entry No. 6).  For the reasons explained below, the Motion to Dismiss will be granted in part and denied in part.

## I.  <u>Factual and Procedural Background</u>

On November 1, 2006, Plaintiffs executed a promissory note and deed of trust in favor of First Franklin to finance the purchase of a home.[2]  In order to obtain the mortgage loan Plaintiffs utilized the services of KH, a mortgage broker.[3]  The Deed of Trust identified First Franklin as the "Lender" and Mortgage Electronic

---

[1]Defendant First Franklin consented to the removal.  Defendant First Franklin Financial Corporation's Notice of Consent to Removal, Docket Entry No. 8.  Defendants' Amended Notice of Removal alleges that "Defendant KH Financial, LP is a now-defunct Illinois limited partnership" that has not been properly served and has not appeared in this litigation.  Amended Notice of Removal, Docket Entry No. 3, p. 3 ¶ 3, p. 5 ¶ 13.  (Page citations are to the pagination imprinted at the top of the page by the federal court's electronic filing system.)

[2]Original Petition, Application for Temporary Restraining Order, Temporary Injunction and Request for Disclosures ("Original Petition"), attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 10 ¶ 14; Adjustable Rate Note ("Note"), Exhibit A to Original Petition, Docket Entry No. 1-2, p. 2; Deed of Trust, Exhibit B to Original Petition, Docket Entry No. 1-2, p. 7.

[3]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 1, pp. 10–11 ¶ 17.

Registration Systems ("MERS") as the "nominee for Lender and Lender's successors and assigns" and "the beneficiary under this Security Instrument."[4]  MERS assigned the Deed of Trust to U.S. Bank on December 10, 2012.[5]  A foreclosure sale was scheduled for November 5, 2013.[6]

Plaintiffs filed their Original Petition in the 234th Judicial District Court of Harris County, Texas, on October 29, 2013.[7] Defendants removed the case to this court on November 4, 2013.[8]  On November 12, 2013, Defendants filed their Motion to Dismiss.[9] Plaintiffs responded on December 3, 2013.[10]  Defendants replied on December 23, 2013.[11]

---

[4]Deed of Trust, Exhibit B to Original Petition, Docket Entry No. 1-2, p. 7.

[5]Assignment of Deed of Trust, Exhibit B-2 to Motion to Dismiss, Docket Entry No. 6, p. 57.

[6]Notice of Foreclosure Sale, Exhibit C to Original Petition, Docket Entry No. 1-2, p. 22.

[7]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1.

[8]Notice of Removal, Docket Entry No. 1; Amended Notice of Removal, Docket Entry No. 3.

[9]Motion to Dismiss, Docket Entry No. 6.

[10]Plaintiffs' Response to Defendants U.S. Bank, National Association, Successor Trustee and Bank of America, N.A.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Response"), Docket Entry No. 9.

[11]Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss ("Reply"), Docket Entry No. 12.

## II.  **Applicable Law**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."  <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  <u>Id.</u>

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

<u>Swierkiewicz v. Sorema N.A.</u>, 122 S. Ct. 992, 997 (2002) (quoting <u>Scheuer v. Rhodes</u>, 94 S. Ct. 1683, 1686 (1974)).  To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  "Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted). The court will "'not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) (quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009).

When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. Isquith ex rel. Isquith v. Middle South

-5-

<u>Utilities, Inc.</u>, 847 F.2d 186, 194 n.3 (5th Cir. 1988). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Plaintiffs have attached copies of the Note, Deed of Trust, and other documents to their Original Petition. "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." <u>Ferrer v. Chevron Corp.</u>, 484 F.3d at 780. Accordingly, the court may consider these documents without converting the motion to dismiss to a motion for summary judgment.

Attached to Defendants' Motion to Dismiss is a copy of an Assignment of Deed of Trust recorded in the Official Public Records of Real Property of Harris County, Texas, on December 18, 2012.[12] Because this document is a matter of public record of which the court may take judicial notice, the court concludes that it can be considered without converting the Motion to Dismiss to a motion for summary judgment. Also attached to Defendants' Motion to Dismiss are a Notice of Default from Bank of America to Plaintiffs dated

---

[12]Assignment of Deed of Trust, Exhibit B-2 to Motion to Dismiss, Docket Entry No. 6, p. 57.

March 13, 2013,[13] and a Notice of Rescission of Acceleration of Loan
Maturity.[14]   Because the Notice of Default is referenced in
Plaintiffs' Original Petition[15] and central to Plaintiffs' claims,
it can be considered without converting the Motion to Dismiss to a
motion for summary judgment.  The Notice of Rescission, however, is
"outside the pleadings," and the court will exclude it for purposes
of the Motion to Dismiss.  Isquith, 847 F.2d at 194 n.3.

### III.  **Analysis**

Plaintiffs allege fifteen substantive causes of action in
their Original Petition in addition to seeking declaratory and
injunctive relief.[16]   Defendants have moved to dismiss all of
Plaintiffs' claims.[17]   In their Response, Plaintiffs attempt to
avoid dismissal by arguing that "[b]ecause this lawsuit was
initially filed in Texas state court, the Texas state pleading
standard should apply."[18]  However, "because pleading requirements

---

[13]March 13, 2013, Correspondence from Bank of America to
Timothy Fowler & Connie Fowler ("Notice of Default"), Exhibit A-1
to Motion to Dismiss, Docket Entry No. 6, p. 27.

[14]Notice of Rescission of Acceleration of Loan Maturity,
Exhibit B-3 to Motion to Dismiss, Docket Entry No. 6, p. 60.

[15]See Original Petition, attached as Exhibit B-1 to Notice of
Removal, Docket Entry No. 1-1, p. 8 ¶ 2, p. 17 ¶ 35, p. 35
¶ 112(d).

[16]See id. at 17-40 ¶¶ 40-129.

[17]Motion to Dismiss, Docket Entry No. 6.

[18]Response, Docket Entry No. 9, pp. 3-4 ¶ 12.

are purely matters of federal law, the Court looks to the law of this Court and this Circuit for the controlling Rule 12(b)(6) and Rule 9(b) standards." Berry v. Bryan Cave LLP, No. 3:08-CV-2035-B, 2010 WL 1904885, at *3 (N.D. Tex. May 11, 2010).  "'Even in cases removed from state court, the adequacy of pleadings is measured by the federal rules.'" Genella v. Renaissance Media, 115 F. App'x 650, 652-53 (5th Cir. 2004) (quoting Varney v. R.J. Reynolds Tobacco Co., 118 F. Supp. 2d 63, 67 (D. Mass. 2000)).

Defendants argue in their Reply that "Plaintiffs' Response fails to assert any opposition to Defendants' Motion to Dismiss" with regard to several claims and request that the court "grant Defendants' Motion to Dismiss those claims as unopposed."[19] However, "Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion." Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). "Rather, a court assesses the legal sufficiency of the complaint." Id. Accordingly, the court will look to the Original Petition to determine whether dismissal is warranted.

## A.  Claims that Fail for Factual Insufficiency

A majority of Plaintiffs' claims consist of allegations involving KH's conduct as broker in securing Plaintiffs' mortgage.[20]

---

[19]Reply, Docket Entry No. 12, p. 2 ¶ 1.

[20]See Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, pp. 17-30 ¶¶ 40-94.

Careful review of Plaintiffs' Original Petition reveals no factual allegations against U.S. Bank or Bank of America with regard to Plaintiffs' claims for negligent misrepresentation, breach of fiduciary duty, breach of agent-principal relationship and suit for accounting, violations of §§ 1746(b)(9) and (24) of the Texas Deceptive Trade Practices Act ("DTPA"), violations of §§ 1750(a)(3) of the DTPA, or violations of the Real Estate Settlement Procedures Act ("RESPA"). Because Plaintiffs have not pleaded any factual content that would allow the court to draw a reasonable inference that Defendants are liable for the misconduct alleged with regard to these alleged causes of action, dismissal is appropriate for failure to state a claim as to these Defendants. See Iqbal, 129 S. Ct. at 1949.

Plaintiffs also fail to make any factual allegations against Bank of America with regard to their claims for common-law fraud, fraud by non-disclosure, and statutory fraud under § 27.01 of the Texas Business and Commerce Code. Accordingly, Plaintiffs' fraud claims against Bank of America will be dismissed.

Although Plaintiffs do not make any factual allegations against U.S. Bank with regard to their fraud claims, they argue that U.S. Bank is liable for First Franklin's conduct during the original loan transaction as First Franklin's "alleged successor-in-interest."[21] However, the only alleged connection between U.S.

---

[21]Id. at 21 ¶ 56.

Bank and First Franklin is the transfer of the Note and Deed of
Trust.  Plaintiffs do not allege that U.S. Bank was involved in the
loan origination process or in the execution of either the
promissory note or the deed of trust.  Cf. Husk v. Deutsche Bank
Nat. Trust Co., No. H-12-1630, 2013 WL 960679, at *5 (S.D. Tex.
Mar. 12, 2013).  Neither the Note nor the Deed of Trust contains
any provision in which U.S. Bank agrees to be liable for the
misconduct of First Franklin.  Moreover, Plaintiffs have not cited
-- and the court has not found -- a single case holding that under
Texas law a transferee of a promissory note is vicariously liable
for the transferor's actions taken in the context of the loan
origination.  In Belanger v. BAC Home Loans Servicing, L.P., 839
F. Supp. 2d 873 (W.D. Tex. 2011), the court held that under Texas
law a transferee could not be held liable for the transferor's
negligence in approving a loan without securing accurate financial
information.  Id. at 876-77.  In Belanger the court relied on the
fact that the transferee had not been involved with the origination
of the home loan.  Id. at 877.  Belanger applies with equal force
to Plaintiffs' actions for common-law fraud, fraud by non-
disclosure, and statutory fraud.  "The determining factor is not
that the transferor engaged in a certain type of misconduct --
whether it be fraud or negligence -- but that the transferee had no
role in the loan origination and no contact with the borrower when
the alleged wrongdoing was committed."  Husk, 2013 WL 960679, at
*5.  Accordingly, the court concludes that U.S. Bank cannot be held

liable for First Franklin's conduct before U.S. Bank had any involvement with the loan. Plaintiffs have therefore failed to state a plausible claim for relief against U.S. Bank with regard to their fraud claims.

## B. Remaining Claims

The remaining substantive causes of action in the "Causes of Action" section of Plaintiffs' Original Petition are: (1) a claim for violations of § 1746(b)(12) of the DTPA; (2) claims under the Truth in Lending Act ("TILA") for violations of 15 U.S.C. §§ 1639b(c) and 1641(g); (3) conversion; (4) money had and received; and (5) suit to remove cloud and quiet title. Plaintiffs also seek a declaratory judgment for violations of a consent order to which Bank of America is a party in addition to seeking other declaratory and injunctive relief.

### 1. Plaintiffs' Claims Under § 1746(b)(12) of the DTPA

Plaintiffs argue that Defendants violated § 1746(b)(12) of the DTPA by representing that they had the right to receive payments under the Note and the power to foreclose under the Deed of Trust without proving that either the Note or Deed of Trust was ever assigned to them.[22] Defendants argue that Plaintiffs' claims must fail because Plaintiffs are not consumers under the DTPA.[23]

---

[22]Id. at 24-25 ¶¶ 69-70.

[23]Motion to Dismiss, Docket Entry No. 6, pp. 9-11 ¶¶ 14-17.

"The elements of a DTPA claim are: '(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages.'" Felchak v. JP Morgan Chase Bank, N.A., No. H-12-2847, 2013 WL 1966972, at *3 (S.D. Tex. May 10, 2013) (quoting Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995)). "To be a 'consumer' under the DTPA, a person 'must seek or acquire goods or services by lease or purchase' and 'the goods or services sought or acquired must form the basis of [that person's] complaint.'" Id. (quoting Fix v. Flagstar Bank, FSB, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied)). "Usually a loan transaction cannot be challenged under the DTPA because the plaintiff sought or acquired money, which is not a good or a service." Whittier v. Ocwen Loan Servicing, LLC, No. H-12-3095, 2013 WL 5425294, at *7 (S.D. Tex. Sept. 25, 2013). "A mortgage loan is not within the DTPA when the loan, rather than the property sought to be purchased, is the basis of the plaintiff's complaint." Id. (citing Miller v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 725-26 (5th Cir. 2013).

Plaintiffs argue that they are consumers under the DTPA "based on goods" because their mortgage was a "purchase-money home mortgage loan" rather than a home equity loan.[24]  However, while Plaintiffs may have qualified as consumers with regard to the

---

[24]Response, Docket Entry No. 9, pp. 5-6 ¶¶ 19-20.

original loan transaction, their "present DTPA claim is not premised on any deceptive act related to the past original loan transaction." Davis v. Wells Fargo Bank, N.A., No. 6-11-CV-47, 2013 WL 5488448, at *13 (S.D. Tex. Sept. 30, 2013), on reconsideration, No. 6:11-CV-00047, 2014 WL 585403 (S.D. Tex. Feb. 14, 2014). Instead, Plaintiffs "complain of 'acts occurring years after the financing transaction' -- Defendants' subsequent loan servicing and foreclosure activities -- that are incidental to the original purchasing objective." Id. (quoting Gatling v. CitiMortgage, Inc., No. H-11-2879, 2012 WL 3756581, at *13 (S.D. Tex. Aug. 28, 2012)).

Because the basis of Plaintiffs' claim is subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original loan transaction, Plaintiffs are not consumers under the DTPA with regard to this claim. See id. ("The transactions that are the focus of Plaintiffs' complaint are not transactions in which Plaintiffs sought to acquire goods; those goods (the real estate) were previously acquired in the original loan transactions."); see also Hutchinson v. Bank of Am., N.A., No. H-12-3422, 2013 WL 5657822, at *5 (S.D. Tex. Oct. 16, 2013) ("Because the basis of plaintiff's claim is the loan and foreclosure, and not the property for which the loan was acquired, plaintiff has not created a fact question as to his status as a consumer."); Gatling 2012 WL 3756581, at *13 ("[Plaintiff's DTPA claim, however, is not premised on [Defendant's] allegedly

deceptive acts 'related to financing the purchase of [her] house, but rather, [she] complains the Bank wrongfully foreclosed on [her] property.' . . .  The DTPA does not apply to such a claim." (quoting <u>Brown v. Bank of Galveston, N.A.</u>, 930 S.W.2d 140, 144 (Tex. App.—Houston [14th Dist.] 1996), <u>aff'd on other grounds</u>, 963 S.W.2d 511 (Tex. 1998))); <u>Yetiv v. Chase Home Fin. LLC</u>, No. 4:11-CV-01250, 2012 WL 112597, at *7 (S.D. Tex. Jan. 11, 2012) ("[Plaintiff] must still 'demonstrate [that] his purchase of a home forms the basis of his complaint' and that [Defendant's] 'alleged violations of the DTPA arose out of the transaction in which' [Plaintiff] purchased the home.  That requirement is not met here, as [Plaintiff's] allegations are not based on the transaction through which he purchased the home or even the home itself." (quoting <u>Chapa v. Chase Home Fin. LLC</u>, No. C-10-359, 2010 WL 5186785, at *9 (S.D. Tex. Dec. 15, 2010))).

Plaintiffs also argue that they are consumers under the DTPA "based on services" because they "acquired mortgage loan services the moment [they] began making payments; and the mortgage servicer was compensated with a portion of every payment [they] made."[25] However, "[s]ervicing a mortgage is not a service under the DTPA." <u>Khan v. Wells Fargo Bank, N.A.</u>, No 4:12-1116, 2013 WL 5323098, at *4 (S.D. Tex. Sept. 20, 2013) (citing <u>Calvino v. Conseco Fin. Servicing Corp.</u>, No. A-12-CA-577-SS, 2013 WL 4677742, at *8 (W.D.

---

[25]<u>Id.</u> at 5 ¶ 18; <u>see also</u> <u>id.</u> at 5-6 ¶ 19.

Tex. Aug. 20, 2013)); see also Taylor v. Ocwen Loan Servicing, LLC,
No. H-12-2929, 2013 WL 3353955, at *7 (S.D. Tex. July 3, 2013)
("[Plaintiff] contends that she is a consumer because she has
'received mortgage loan services from [Servicer]' in connection
with the purchase of her home. . . . But the Texas Supreme Court
rejected an identical argument in Riverside. . . ." (citing
Riverside Nat. Bank v. Lewis, 603 S.W.2d 169, 175 (Tex. 1980))).
Accordingly, because Plaintiffs are not consumers under the DTPA,
their claims under § 1746(b)(12) will be dismissed.

 2. Plaintiffs' Claims Under TILA

 Plaintiffs allege two causes of action under TILA. The first
under 15 U.S.C. § 1639b(c) relates to the payment of a Yield Spread
Premium ("YSP") from First Franklin to KH in connection with the
origination of Plaintiffs' mortgage loan. The second under 15
U.S.C. § 1641(g) involves Defendants' alleged failure to notify
Plaintiffs when the mortgage was assigned to U.S. Bank.

 (a) Plaintiffs' Claims Under 15 U.S.C. § 1639b(c)

 Plaintiffs allege that "Broker and Original Lender's conduct
in connection with the YSP violates 15 USC § 1639B(c) because such
conduct amounts to a steering incentive for which this statute was
designed to prohibit."[26]  Plaintiffs seek to hold U.S. Bank liable

---

[26]Original Petition, attached as Exhibit B-1 to Notice of
Removal, Docket Entry No. 1-1, pp. 28–29 ¶ 87.

as the original lender's "alleged successor-in-interest."[27] Defendants argue that Plaintiffs' claims are barred by the three-year statute of limitations for claims under § 1639b(c).[28]  See 15 U.S.C. § 1640(e).

Under § 1640(e) "[a]ny action . . . with respect to any violation of [§ 1639b] may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation."  However, § 1640(k)(1) provides an exception to the three-year statute of limitations for claims brought in the context of a foreclosure:

> Notwithstanding any other provision of law, when a creditor, assignee, or other holder of a residential mortgage loan or anyone acting on behalf of such creditor, assignee, or holder, initiates a judicial or nonjudicial foreclosure of the residential mortgage loan, or any other action to collect the debt in connection with such loan, a consumer may assert a violation by a creditor of paragraph (1) or (2) of section 1639b(c) of this title . . . as a matter of defense by recoupment or set off without regard for the time limit on a private action for damages under subsection (e).

15 U.S.C. § 1640(k)(1).  Because Defendants initiated a nonjudicial foreclosure of Plaintiffs' mortgage loan, Plaintiffs would be entitled to assert their claims under § 1639b(c) notwithstanding the three-year statute of limitations.  However, Plaintiffs' claims

---

[27]Id. at 29 ¶ 89.  Assignees such as U.S. Bank are potentially liable for the TILA violations of assignors under 15 U.S.C. § 1641.

[28]Motion to Dismiss, Docket Entry No. 6, p. 12 ¶ 20.

fail because § 1639b(c) is not applicable to their 2006 mortgage loan transaction.

Section 1639b(c) was enacted in 2010 as part of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), Pub. L. No. 111-203, § 1403, 124 Stat. 1376, 2139-40 (2010). Section 1403 of the Dodd-Frank Act amended § 129B of TILA, which is codified at 15 U.S.C. § 1639b. Dodd-Frank Act § 1403, 124 Stat. at 2139. The Dodd-Frank Act provided that the effective date for § 1639b would be established by the rules implementing the act. Dodd-Frank Act § 1400, 124 Stat. at 2136 ("[A] section, or provision thereof, of this title shall take effect on the date on which the final regulations implementing such section, or provision, take effect.").

"Historically, Regulation Z of the Board of Governors of the Federal Reserve System (Board), 12 CFR part 226, has implemented TILA." Truth in Lending (Regulation Z), 76 Fed. Reg. 79768, 79768 (Dec. 22, 2011). The Board published a final rule on loan originator compensation in 2010. Truth in Lending, 75 Fed. Reg. 58509 (Sept. 24, 2010) (codified at 12 C.F.R. § 226.36). Although the Board did not rely on § 1639b for authority to issue the rule, it found the rule to be "consistent with" it. Id. at 58509. The rule had an effective date of April 1, 2011, and applied to "loan originator compensation transactions subject to [12 C.F.R.] § 226.36(d) and (e) for which creditors receive applications on or after April 1, 2011." Id. at 58530. Furthermore, "[c]ompliance

with the provisions of the final rule [was] not required before the effective date." Id.

"[T]he Dodd-Frank Act transferred rulemaking authority for TILA to the [CFPB], effective July 21, 2011." Truth in Lending (Regulation Z), 76 Fed. Reg. at 79768; see also Dodd-Frank Act, §§ 1062-63, 124 Stat. at 20396-39; Designated Transfer Date, 75 Fed. Reg. 57252 (Sept. 20, 2010). The CFPB published interim final rules on December 22, 2011, that essentially recodified the Board's loan originator rules from 12 C.F.R. § 226.36 to 12 C.F.R. § 1026.36. Truth in Lending (Regulation Z), 76 Fed. Reg. at 79768. The CFPB did not rely on § 1639b in issuing the interim final rules. See id. at 79769-79771.

The CFPB proposed rules to implement § 1639b in 2012. Truth in Lending Act (Regulation Z); Loan Originator Compensation, 77 Fed. Reg. 55272 (Sept. 7, 2012). The final rules were issued on January 20, 2013,[29] with an effective date of January 10, 2014.[30]

---

[29]"This final rule is issued on January 20, 2013, in accordance with 12 CFR 1074.1." Loan Originator Compensation Requirements Under the Truth in Lending Act (Regulation Z), 78 Fed. Reg. at 11291. Under 12 C.F.R. 1074.1 a final CFPB rule is deemed issued either when the rule is posted on the CFPB's website or when it is published in the federal register, whichever is earlier. The original issuing document is available on the CFPB's website at http://files.consumerfinance.gov/f/201301_cfpb_final-rule_loan-or iginator-compensation.pdf.

[30]The CFPB later revised the effective date for certain provisions of the rules to January 1, 2014. Amendments to the 2013 Mortgage Rules Under the Equal Credit Opportunity Act (Regulation B), Real Estate Settlement Procedures Act (Regulation X), and the Truth in Lending Act (Regulation Z), 78 Fed. Reg. 60382 (Oct. 1, 2013).

Loan Originator Compensation Requirements Under the Truth in Lending Act (Regulation Z), 78 Fed. Reg. 11280 (Feb. 15, 2013).

Thus, the effective date of 15 U.S.C. § 1639b(c) was January 10, 2014, although the conduct complained of by Plaintiffs was also prohibited under 12 C.F.R. § 226.36 as early as April 1, 2011. Plaintiffs cite no authority, and the court is not aware of any, to suggest that 15 U.S.C. § 1639b(c) or the CFPB's implementing regulations were intended to apply retroactively to their 2006 mortgage loan. "The operative presumption, after all, is that Congress intends its laws to govern prospectively only." Vartelas v. Holder, 132 S. Ct. 1479, 1491 (2012); see also Carranza-De Salinas v. Holder, 700 F.3d 768, 772 (5th Cir. 2012) ("'[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic.'" (quoting Landgraf v. USI Film Products, 114 S. Ct. 1483, 1497 (1994))). "'Elementary considera-tions of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly'" and thus "'the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place.'" Carranza-De Salinas, 700 F.3d at 772 (quoting Landgraf, 114 S. Ct. at 1497). "'[T]he essential inquiry' in determining whether a statute applies retroactively, 'is whether the new provision attaches new legal consequences to events completed before its enactment.'" Id. at 773 (quoting Vartelas,

132 S. Ct. at 1491). Here, the alleged violation occurred when the YSP was paid at the loan closing on November 1, 2006.[31] Without any basis to infer otherwise, the court will presume that § 1639b(c) does not apply retroactively to Plaintiffs' 2006 mortgage loan transaction. Accordingly, Plaintiffs' claims under § 1639b(c) will be dismissed.[32]

      (b)   Plaintiffs' Claims Under 15 U.S.C. § 1641(g)

      Plaintiffs allege that "U.S. Bank failed to give [them] proper notice of its ownership as a new creditor within 30 days" in violation of 15 U.S.C. § 1641(g).[33] Section 1641(g)(1) provides

---

[31]See Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, pp. 11-12 ¶¶ 18-24, pp. 28-29 ¶¶ 86-90; U.S. Department of Housing and Urban Development Settlement Statement, Exhibit D to Original Petition, Docket Entry No. 1-2, p. 24.

[32]Plaintiffs do not appear to argue that Bank of America is liable under § 1639b(c). They make no factual allegations concerning Bank of America and assert no theory of potential liability. The court has already concluded that § 1639b(c) does not apply to Plaintiffs' 2006 mortgage loan transaction. Accordingly, the court concludes that to the extent that Plaintiffs attempt to state a cause of action against Bank of America under § 1639b(c), they have failed to do so.

[33]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 29 ¶ 92. Unlike the transaction giving rise to Plaintiffs' alleged § 1639b(c) violation, which occurred prior to enactment of the relevant statute, the assignment of Plaintiffs' mortgage in 2012 occurred after enactment of § 1641(g) in 2009. See Helping Families Save Their Homes Act of 2009, Pub. L. No. 111-22, § 404, 123 Stat. 1632, 1658 (2009). Section 1641(g) "became effective immediately upon enactment on May 20, 2009, and did not require the issuance of implementing regulations." Regulation Z; Truth in Lending, 75 Fed. Reg. 58489, 58489 (Sept. 24, 2010).

that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." The notice must include the identity, address, and telephone number of the new creditor; the date of the transfer; information on how to reach an agent or party with authority to act on behalf of the new creditor; the location of the place where the transfer of ownership of the debt is recorded; and any other relevant information regarding the new creditor. 15 U.S.C. § 1641(g)(1)(A)-(E).

Defendants argue that Plaintiffs have failed to state a claim under § 1641(g) because of their allegations that "U.S. Bank and Bank of America are not the assignees of [their] mortgage loan."[34] Defendants also argue that without an allegation regarding the date of assignment, Plaintiffs cannot show that they failed to receive the required notice within thirty days.[35] Plaintiffs argue in their Response that "U.S. Bank claims to own the Note. Since U.S. Bank was not the original lender, an assignment of the Note must have taken place for U.S. Bank's claim to be true."[36] Plaintiffs point

------

[34]Motion to Dismiss, Docket Entry No. 6, p. 11 ¶ 19.

[35]Id.

[36]Response, Docket Entry No. 9, p. 4 ¶ 13; see also id. ¶ 14 ("If Defendants are truly saying that Plaintiffs' TILA claim under 15 U.S.C. § 1641(g) fails because Defendants are not the holder/owner of the Note, and Defendants are willing to stipulate to such, then Plaintiffs are happy to concede that no violation
                                                    (continued...)

-21-

out that "Defendants' Exhibit B-2 shows that an assignment occurred on or about December 10, 2012."[37]   Therefore, Plaintiffs argue, "Defendants' own exhibits support a claim upon which relief can be granted."[38]  In response to Defendants' arguments regarding the date of the assignment, Plaintiffs argue that "[t]he very violation of which Plaintiffs are complaining is that Plaintiffs received no notice of an assignment, and thus Plaintiffs had no knowledge regarding the date the assignment occurred."[39]

Contrary to Defendants' arguments, the allegations in Plaintiffs' Original Petition do not foreclose the inference that the Note was assigned to U.S. Bank.  Plaintiffs allege that they executed the Note "in favor of First Franklin" and that they "did not execute any other promissory notes or deeds of trust in connection with the property."[40]  They further allege that "U.S. Bank has asserted that it is the current holder of the Note."[41]  Plaintiffs had a title search performed in the Official Public Records of Real Property of Harris County, Texas, to determine

---

[36](...continued)
[of] 15 U.S.C. § 1641(g) []occurred.  However, if Defendants were holders of the Note and Deed of Trust, then their failure to provide notice of assignment is a violation of TILA.").

[37]Id. ¶ 16.

[38]Id. at 6.

[39]Id. at 4 ¶ 15.

[40]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 10 ¶ 14.

[41]Id. ¶ 16.

whether Defendants had been assigned the Note or Deed of Trust, and it failed to produce any assignment to U.S. Bank.[42]   Plaintiffs sent letters to Bank of America seeking "the name and address of the owner/creditor or successor in interest"[43] of their mortgage and "the date of transfer and the location of the place where transfer of ownership of the debt is recorded."[44]   Plaintiffs allege in their Original Petition that Defendants provided "nothing to indicate that [U.S. Bank] is the current assignee of the Deed of Trust" and that "Plaintiffs have never received notice that the Original Lender sold and/or indorsed the Note and related Deed of Trust."[45] On the basis of the title search and the lack of response from Defendants, Plaintiffs allege that "[e]ither Defendant is a complete stranger to the Property or an assignment along Defendant's purported chain-of-title is void."[46]   Nonetheless, in pleading their § 1641(g) claim Plaintiffs expressly adopt the

---

[42]Id. at 16 ¶ 33; Title Search, Exhibit J to Original Petition, Docket Entry No. 1-3, p. 20.

[43]Request for Validation of Debt under TILA and FDCPA, Exhibit H to Original Petition, Docket Entry No. 1-3, p. 15; see also Qualified Written Request, Exhibit I to Original Petition, Docket Entry No. 1-3, p. 18 ("Per U.S.C. 12 § 2605(k) & U.S.C. 15 § 1641(g)(1) please provide the owner's name and contact information such as address and telephone number.").

[44]Qualified Written Request, Exhibit I to Original Petition, Docket Entry No. 1-3, p. 18.

[45]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, pp. 37-38 ¶¶ 120-21; see also id. at 16 ¶¶ 28-33.

[46]Id. at 16 ¶ 29.

assumption that "U.S. Bank is the holder and or owner of the Note."[47]

The pleadings indicate that Plaintiffs sought to determine whether U.S. Bank was assigned the Note but were unable to do so. Accordingly, Plaintiffs pleaded their claims in the alternative. See Fed. R. Civ. P. 8(d) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 674 (5th Cir. 2003) ("Plaintiffs are permitted to plead in the alternative."); Camp v. RCW & Co., Inc., No. H-05-3580, 2007 WL 1306841, at *8 (S.D. Tex. May 3, 2007) ("A plaintiff may plead in the alternative with regard to closely interrelated Defendants whose specific conduct and responsibility may not be known or knowable when a plaintiff files suit, and pretrial discovery enables the exact facts to be revealed.  This is sufficient notice pleading that precludes dismissal under Rule 12(b)(6)."), aff'd, 342 F. App'x 980 (5th Cir. 2009).  "Alternative pleadings may be inconsistent." Parra v. Mountain States Life Ins. Co. of Am., 52 F.3d 1066 (5th Cir. 1995); see also Wells Fargo Bank, N.A. v. Guevara, No. 3:10-CV-545-F, 2010 WL 5824040, at *3 (N.D. Tex. Aug. 18, 2010) ("Although a plaintiff's allegations in a complaint may generally be used by a defendant as admissions, a plaintiff is

---

[47]Id. at 29 ¶ 92.

permitted to plead in the alternative. . . .  [A defendant] may not
use allegations related to one claim as evidence to invalidate an
alternative claim." (citations omitted) (internal quotation marks
omitted)); <u>Sw. Bell Tel. Co. v. Fitch</u>, 643 F. Supp. 2d 902, 908
(S.D. Tex. 2009) ("[A party] is permitted under federal procedural
rules to bring alternative pleadings, even if inconsistent."
(citing Fed. R. Civ. P. 8(d)(2)-(3))).  Accordingly, the court
concludes that the allegations in Plaintiffs' Original Petition are
sufficient to state a claim under 15 U.S.C. § 1641(g).[48]

Plaintiffs seek statutory damages under 15 U.S.C.
§ 1640(a)(2)(A) for Defendants' alleged violations of § 1641(g).[49]
Under § 1640(a), "any creditor who fails to comply with [§ 1641(g)]
with respect to any person is liable to such person in an amount
equal to the sum of" actual and statutory damages.  Section
1640(a)(2)(A) defines statutory damages as follows:

> (i) in the case of an individual action twice the amount
> of any finance charge in connection with the transaction,
> (ii) in the case of an individual action relating to a
> consumer lease under part E of this subchapter, 25 per
> centum of the total amount of monthly payments under the

---

[48]If a notice of assignment in compliance with § 1641(g)
existed, it would have been easy for Defendants to produce it in
the briefing on Defendants' pending motion, having produced various
other documents in support of the motion.  Since the court has
devoted substantial resources to this Memorandum Opinion and Order,
it is not inclined to consider any further argument or evidence on
this claim from Defendants in another pretrial motion.  The court
will therefore save this issue until trial.

[49]Plaintiffs do not allege any actual damages resulting from
U.S. Bank's alleged failure to provide proper notice of assignment
under § 1641(g).  <u>See id.</u> at 29 ¶¶ 91-93.  Instead, "Plaintiffs
seek the maximum statutory damages allowed by law."  <u>Id.</u> ¶ 93.

lease, except that the liability under this subparagraph shall not be less than $200 nor greater than $2,000, (iii) in the case of an individual action relating to an open end consumer credit plan that is not secured by real property or a dwelling, twice the amount of any finance charge in connection with the transaction, with a minimum of $500 and a maximum of $5,000, or such higher amount as may be appropriate in the case of an established pattern or practice of such failures; or (iv) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000.

In <u>Koons Buick Pontiac GMC, Inc. v. Nigh</u>, 125 S. Ct. 460 (2004), the Supreme Court made clear that the $200 floor and $2,000 ceiling on recovery in clause (ii) applies to the general measure of statutory damages as defined in clause (i).  <u>Id.</u> at 468.   In addition, the court held that "[c]lause [(iv)][50] removes closed-end mortgages from clause (i)'s governance only to the extent that clause [(iv)] prescribes [$400]/[$4,000][51] brackets in lieu of [$200]/[$2,000]."[52]    <u>Id.</u>   Accordingly, the proper measure of

---

[50]At the time that <u>Koons</u> was decided, clause (iv) was codified in § 1640(a)(2)(A)(iii).  <u>See</u> <u>Koons</u>, 125 S. Ct. at 465.   The current clause (iii) was added by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Pub. L. No. 111-24, § 107, 123 Stat. 1734, 1743 (2009).

[51]At the time that <u>Koons</u> was decided, the floor on statutory damages for closed-end mortgages was $200 and the ceiling was $2,000.  <u>See</u> <u>Koons</u>, 125 S. Ct. at 465.  These amounts were increased to $400 and $4,000, respectively, by the Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, § 2502(b), 122 Stat. 2654, 2857 (2008).

[52]At the time that <u>Koons</u> was decided, the floor for recovery under clause (i) was $100 and the ceiling was $1,000.  <u>See</u> <u>Koons</u>, 125 S. Ct. at 465.   These amounts were increased to $200 and $2,000, respectively, in 2010.  Dodd-Frank Act § 1416, 124 Stat. at 2153.

statutory damages under § 1640(a)(2)(A) with regard to a closed-end mortgage loan such as Plaintiffs' is "twice the amount of any finance charge in connection with the transaction," but "subject to lower and upper limits of $400 and $4,000." Brown v. CitiMortgage, Inc., 817 F. Supp. 2d 1328, 1331 (S.D. Ala. 2011); see also Lenhart v. EverBank, No. 2:12-CV-4184, 2013 WL 5745602, at *4 (S.D. W.Va. Oct. 23, 2013); Pugh v. Bank of Am., No. 13-2020, 2013 WL 3349649, at *17 (W.D. Tenn. July 2, 2013); Beall v. Quality Loan Serv. Corp., No. 10-CV-1900-IEG(WVG), 2011 WL 1044148, at *6 (S.D. Cal. Mar. 21, 2011).

Defendants argue in their Reply that Plaintiffs have not alleged any finance charge in connection with the assignment to U.S. Bank.[53] However, "imposition of the minimum sanction is proper in cases such as this, where the finance charge is nonexistent or undetermined." Mourning v. Family Publications Serv., Inc., 93 S. Ct. 1652, 1664 (1973). In Mourning the Supreme Court rejected the argument that § 1640 "does not allow imposition of a civil penalty in cases where no finance charge is involved but where a regulation requiring disclosure has been violated," reasoning that the statute "provides that the penalty assessed shall be twice the amount of the finance charge imposed, but not less than [the statutory minimum]."[54] Id.; cf. Sellers v. Wollman, 510 F.2d 119,

---

[53]Reply, Docket Entry No. 12, pp. 3-4 ¶¶ 5-6.

[54]At the time that Mourning was decided, the statutory minimum under § 1640 was $100.  See Mourning, 93 S. Ct. at 1656; see also
(continued...)

123 (5th Cir. 1975) ("[The argument] that the consumer is not an aggrieved debtor if he is not required to pay a finance charge is effectively undercut by [Mourning].").

Because Plaintiffs may be entitled to statutory damages under § 1640(a)(2)(A), their failure to plead any finance charge in connection with the assignment does not require dismissal of their complaint for failure to state a claim. See Brown, 817 F. Supp. 2d at 1333-36 (rejecting the argument "that statutory damages are unavailable under TILA in the absence of related finance charges" and denying the defendant's motion to dismiss on that basis); see also Foley v. Wells Fargo Bank, N.A., 849 F. Supp. 2d 1345, 1350-52 (S.D. Fla. 2012) (adopting the Brown court's reasoning to reject the argument that a claim under § 1641(g) "must be dismissed for failure to allege sufficient facts showing actual damages, or to plead any finance charges associated with statutory damages"); cf. Eby v. Reb Realty, Inc., 495 F.2d 646, 651 (9th Cir. 1974) ("By providing a minimum recovery of $100 regardless of the presence of a finance charge or its de minimis amount, Congress indicated that the finance charge was to be no more than a convenient measure for damages and not a remedial trigger upon which liability was to depend."); Kleiner v. First Nat. Bank of Atlanta, 97 F.R.D. 683, 698 (N.D. Ga. 1983) ("The damages provision is a 'civil penalty' which depends not on the finance charge incurred but on the

---

[54](...continued)
Koons, 125 S. Ct. at 464-65 (tracing the amendment history of § 1640(a)).

lender's failure to make disclosure."). Accordingly, Defendants'
motion to dismiss Plaintiffs' claims against U.S. Bank under
§ 1641(g) will be denied.[55]

### 3.  Conversion

Plaintiffs allege that Bank of America has converted money
they paid under the Note by forwarding it to "the putative note
owner" and refusing to return it upon Plaintiffs' demand.[56]  "'The
elements of a conversion cause of action are:  (1) plaintiff owned,
had legal possession of, or was entitled to possession of the
property; (2) defendant assumed and exercised dominion and control
over the property in an unlawful and unauthorized manner, to the
exclusion  of  and  inconsistent  with  plaintiff's  rights;
(3) plaintiff made a demand for the property; and (4) defendant
refused to return the property.'"  Felchak, 2013 WL 1966972, at *3
(quoting Allan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd., 287

---

[55]Plaintiffs do not appear to argue that Bank of America is
liable under § 1641(g).  They make no factual allegations
concerning Bank of America and assert no theory of potential
liability.  By its terms, § 1641(g) applies only to "the creditor
that is the new owner or assignee of the debt."  15 U.S.C.
§ 1641(g)(1); see Garcia v. Universal Mortgage Corp.,
No. 3:12-CV-2460-L, 2013 WL 1858195, at *6 (N.D. Tex. May 3, 2013);
cf. Justice v. Ocwen Loan Servicing, LLC, No. 2:13-CV-00165, 2014
WL 526143, at *9 (S.D. Ohio Feb. 7, 2014) (citing Marais v. Chase
Home Fin. LLC, 736 F.3d 711, 716 (6th Cir. 2013)).  Accordingly,
the court concludes that to the extent that Plaintiffs attempt to
state a cause of action against Bank of America under § 1641(g),
they have failed to do so.

[56]Original Petition, attached as Exhibit B-1 to Notice of
Removal, Docket Entry No. 1-1, p. 30 ¶ 97.

S.W.3d 877, 888 (Tex. App.—Dallas 2009, no pet.)). Plaintiffs'
conversion claim fails because "money that is not specific chattel
is not personal property that can be converted." Id. (citing
Mitchell Energy Corp. v. Samson Res. Co., 80 F.3d 976, 984 (5th
Cir. 1996)).

> Texas jurisprudence holds that money can be the subject
> of conversion, but only when it is in the form of
> specific chattel, such as old coins, or when "the money
> is delivered to another party for safekeeping, the keeper
> claims no title, and the money is required and intended
> to be segregated, either substantially in the form in
> which it was received or as an intact fund."

Mitchell Energy, 80 F.3d at 984 (quoting Dixon v. State, 808 S.W.2d
721, 723 (Tex. App.—Austin 1991, writ dism'd w.o.j.)). "An
obligation to pay money generally, however, is treated differently
under Texas law. 'Where money is involved, it is subject to
conversion only when it can be described or identified as a
specific chattel, but not where an indebtedness may be discharged
by the payment of money generally.'" Id. (quoting Crenshaw v.
Swenson, 611 S.W.2d 886, 891 (Tex. Civ. App.—Austin 1980, writ
ref'd n.r.e.)).

Here, Plaintiffs allege that Bank of America converted their
Note payments by remitting them "to a third party, the putative
note owner."[57] Under the Deed of Trust "[p]ayments are deemed
received by Lender when received at the location designated in the

---

[57]Id.

Note or at such other location as may be designated by Lender."[58]
"Lender" is defined to include "any holder of the Note who is
entitled to receive payments under the Note."[59]  The Note provides
that Plaintiffs "will make [their] monthly payments at 150
ALLEGHENY CENTER MALL, PITTSBURGH, PA 15212 or at a different place
if required by the Note Holder."[60]  The Deed of Trust describes the
"Loan Servicer" as the entity "that collects Periodic Payments due
under the Note and this Security Instrument and performs other
mortgage loan servicing Obligations under the Note, this Security
Instrument, and Applicable Law" and provides that "[i]f there is a
change of the Loan Servicer, Borrower will be given written notice
of the change which will state the name and address of the new Loan
Servicer, the address to which payments should be made and any
other information RESPA requires in connection with a notice of
transfer of servicing."[61]

These provisions make clear that Plaintiffs' obligations under
the Note entailed delivering their payments to the location
designated by the Lender.  Neither party contends that Plaintiffs'
payments to Bank of America failed to satisfy these provisions.

---

[58]Deed of Trust, Exhibit B to Original Petition, Docket Entry
No. 1-2, p. 10 ¶ 1.

[59]Id. at 7.

[60]Note, Exhibit A to Original Petition, Docket Entry No. 1-2,
p. 2.

[61]Deed of Trust, Exhibit B to Original Petition, Docket Entry
No. 1-2, p. 16 ¶ 20 (emphasis added).

Accordingly, Plaintiffs' payments were "deemed received by [the] Lender" when received by their loan servicer at the designated location in accordance with the Note and Deed of Trust.   Because this is a situation where "an indebtedness may be discharged by the payment of money generally," Plaintiffs cannot state a claim for conversion under Texas law.   See id.   Accordingly, Plaintiffs' claims for conversion will be dismissed.

4.   Plaintiffs' Claims for Money Had and Received

Plaintiffs argue that Defendants "have received money which belongs to Plaintiffs" and that they "need this money back in order to pay the true Note Holder."[62]   "A claim for 'money had and received' is equitable in nature."   Best Buy Co. v. Barrera, 248 S.W.3d 160, 162 (Tex. 2007).   "The claim 'belongs conceptually to the doctrine of unjust enrichment.'"   Edwards v. Mid-Continent Office Distribs., L.P., 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied)   (quoting Amoco Prod. Co. v. Smith, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ)).   To establish a cause of action for money had and received a plaintiff must show "'that a defendant holds money which in equity and good conscience belongs to him.'"   Felchak, 2013 WL 1966972, at *3 (quoting Edwards, 252 S.W.3d at 837).

Plaintiffs' claim for money had and received arises from their allegation that U.S. Bank may not be entitled to payments due under

____

[62]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 31 ¶ 99.

the Note and Deed of Trust.[63]   However, Plaintiffs acknowledge in their Response that "Defendants' Exhibit B-2 shows that an assignment occurred on or about December 10, 2012."[64]   Plaintiffs do not respond to Defendants' argument in the Motion to Dismiss that Plaintiffs have failed to state a claim because they do not allege any facts demonstrating that another putative "true Note Holder" exists.[65]   Cf. Kramer v. Fed. Nat. Mortgage Ass'n, No. A-12-CA-276-SS, 2012 WL 3027990, at *5 (W.D. Tex. May 15, 2012) ("Defendants did not sue [Plaintiff] at all, and . . . even if they had, their suit would have been on the deed of trust, not the associated promissory note. . . .   [T]here is no suggestion [Plaintiff] is being put in a position where he will have to pay the same claim twice.").   Indeed, the only arguments advanced by Plaintiffs in their Response relate to their claims under TILA and the DTPA.[66]   As explained in § III.B.3 above, under the Deed of Trust Plaintiffs' payments are deemed received by the Lender when delivered to the servicer at the location designated by the Lender. Under the Note and Deed of Trust, Plaintiffs are not entitled to the return of these payments.   Therefore, Plaintiffs cannot demonstrate that the money "in equity and good conscience belongs to" them.   Felchak, 2013 WL 1966972, at *3 (quoting Edwards, 252

---

[63]Id. at 30-31 ¶¶ 97-99.

[64]Response, Docket Entry No. 9, p. 4 ¶ 16.

[65]Motion to Dismiss, Docket Entry No. 6, p. 14 ¶¶ 26-27.

[66]See Response, Docket Entry No. 9, pp. 4-6 ¶¶ 13-20.

S.W.3d at 837).  Accordingly, Plaintiffs' claims for money had and received will be dismissed.

### 5.  Suit to Remove Cloud and Quiet Title

A suit to quiet title under Texas law requires a plaintiff to prove:  (1) a valid equitable interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) although facially valid, defendant's claim is invalid or unenforceable.  Bryant v. Bank of America, N.A., No. 4:11-CV-448, 2012 WL 2681361, at *16 (E.D. Tex. June 6, 2012) (citing Sadler v. Duvall, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, pet. denied)).  A plaintiff in a suit to quiet title "must prove and recover on the strength of his own title, not the weakness of his adversary's title."  Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).  "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title."  Gordon v. West Houston Trees, Ltd., 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Plaintiffs allege that "U.S. Bank has clouded Plaintiffs' title by claiming that [it] has a lien for security purposes on Plaintiffs' Property and that Defendant has the power to foreclose on said property."[67]  Plaintiff further alleges that "there is no proper chain of title making Defendant the assignee of the Original

---

[67]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 32 ¶ 102.

Deed of Trust."[68]  Plaintiffs acknowledge that they executed the Deed of Trust.[69]  They neither contest the Deed of Trust's validity nor suggest that their own interest is superior to the Deed of Trust.  See Morlock, L.L.C. v. JP Morgan Chase Bank, N.A., No. 12-20623, 2013 WL 2422778, at *2 (5th Cir. June 4, 2013).

Defendants have produced a copy of an Assignment of Deed of Trust recorded in the Official Public Records of Real Property of Harris County, Texas, on December 18, 2012.[70]  Because "[r]eal Property records often contain transfers taking place many years in the past[,] . . . Texas 'view[s] with suspicion and distrust attempts to discredit certificates of acknowledgment,' under which the transfer is presumptively valid and contradicting evidence 'must be clear, cogent, and convincing beyond reasonable controversy.'"  Morlock, 2013 WL 2422778, at *2 (quoting Ruiz v. Stewart Mineral Corp., 202 S.W.3d 242, 248 (Tex. App.—Tyler 2006, pet. denied)).  Plaintiffs do not challenge the validity of the Assignment in their Response.  Because Plaintiffs do not challenge the Deed of Trust's validity or otherwise assert title superior to that of U.S. Bank, they fail to advance a plausible quiet-title claim.  See id. (citing Fricks, 45 S.W.3d at 327).  Accordingly, Plaintiffs' suit to remove cloud and quiet title will be dismissed.

---

[68]Id. ¶ 103.

[69]Id. at 10 ¶ 14.

[70]Assignment of Deed of Trust, Exhibit B-2 to Motion to Dismiss, Docket Entry No. 6, p. 57.

6.   <u>Consent Judgment Violation</u>

Plaintiffs seek a declaratory judgment regarding Bank of America's compliance with a consent judgment entered into between Bank of America and the United States on April 4, 2012, in <u>United States v. Bank of America</u>, No. 1:12-cv-00361-RMC, at Docket Entry No. 11 (D.D.C. Apr. 4, 2012).[71]   Defendants argue that Plaintiffs do not have standing to bring a claim for a violation of the consent judgment.[72]   The court agrees.

Courts confronted with the same consent judgment have held that homeowners like Plaintiffs do not have standing to bring a claim for its violation.   <u>See, e.g.</u>, <u>McCain v. Bank of Am.</u>, No. 13-1418, 2014 WL 334196, at *6 (D.D.C. Jan. 30, 2014) ("The Unrelated Consent Judgment, however, simply does not create a private right of action allowing third parties, such as the plaintiff, to bring claims for alleged violations of the Judgments . . . ."); <u>Bagala v. Bank of Am.</u>, No. H-13-0160, 2013 WL 4523562, at *2 (S.D. Tex. Aug. 27, 2013) ("Courts that have addressed this claim have held that 'mortgagors like Plaintiffs do not have standing to enforce a consent decree that banks have entered into with the government.'   Additionally, there is nothing in the Consent Decree that indicates an intent to confer standing on

---

[71]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, pp. 12-15 ¶¶ 25-27; pp. 32-34 ¶¶ 105-111.

[72]Motion to Dismiss, Docket Entry No. 6, pp. 6-7 ¶¶ 9-10.

non-parties."   (citations omitted)  (quoting <u>Reynolds v. Bank of Am., N.A.</u>, No. 3:12-CV-1420-L, 2013 WL 1904090, at *10 (N.D. Tex. May 8, 2013))); <u>Choe v. Bank of Am., N.A.</u>, No. 3:13-CV-0120-D, 2013 WL 3196571, at *4 (N.D. Tex. June 25, 2013) ("It is well settled that 'a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it.'" (quoting <u>Blue Chip Stamps v. Manor Drug Stores</u>, 95 S. Ct. 1917, 1932 (1975))).  Furthermore, Plaintiffs have not provided the court with a copy of the consent judgment that they seek to enforce.  <u>See Reynolds</u>, 2013 WL 1904090, at *10.  Accordingly, Plaintiffs' claims against Bank of America for violation of the consent judgment will be dismissed.

     7.   <u>Declaratory Judgment as to Procedural Defects</u>

     Plaintiffs seek a declaratory judgment regarding U.S. Bank's compliance with the Deed of Trust provisions governing foreclosure of their property.[73]  Plaintiffs allege that they "were not given proper notice that the underlying Note was being accelerated" because "[t]o the extent [U.S. Bank] does not own the [Deed of Trust], the Notice of Acceleration was improper because it was sent by the wrong party."[74]  However, as noted in § III.B.5 above, Defendants have produced an assignment demonstrating that U.S. Bank

---

     [73]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, pp. 34-36 ¶ 112.

     [74]<u>Id.</u> at 35 ¶ 112(c).

in fact owns the Deed of Trust.[75]  Accordingly, Plaintiffs are not entitled to declaratory judgment on this issue.

Plaintiffs also allege that they "were not given proper notice that the underlying Note was in default (and that Plaintiffs had an opportunity to cure said default)."[76]  Defendants have produced a copy of a Notice of Default including the relevant cure provision dated March 13, 2013, and the related certified mail tracking number.[77]  Under the Deed of Trust "[a]ny notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."[78]  Under Texas law "'[a]ctual receipt of the notice is not necessary.'  Instead, 'service of a notice . . . by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address.'"  Gossett v. Fed. Home Loan Mortgage Corp., 919 F. Supp. 2d 852, 859 (S.D. Tex. 2013) (citations omitted) (quoting Tex. Prop. Code § 51.002(e); WMC Mortgage Corp. v. Moss,

---

[75]Assignment of Deed of Trust, Exhibit B-2 to Motion to Dismiss, Docket Entry No. 6, p. 57.

[76]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 35 ¶ 112(d).

[77]Notice of Default, Exhibit A-1 to Motion to Dismiss, Docket Entry No. 6, p. 27.

[78]Deed of Trust, Exhibit B to Original Petition, Docket Entry No. 1-2, p. 15 ¶ 15.

No. 01-10-00948-CV, 2011 WL 2089777, at *7 (Tex. App.—Houston [1st Dist.] May 19, 2011, no pet.) (mem op.)).  Plaintiffs do not respond to this evidence in their Response.  Accordingly, Plaintiffs' claim that they were not given a proper Notice of Default has no merit.

Plaintiffs argue that Defendants lost their right to foreclose under paragraph nineteen of the Deed of Trust when Plaintiffs made their first monthly payment under the Note.[79]  However, Plaintiffs take the relevant provision out of context.  Paragraph nineteen expressly refers to "Borrower's Right to Reinstate After Acceleration."[80]  Plaintiffs do not contend that their loan was accelerated prior to their first monthly payment.  Therefore, Plaintiffs' argument has no merit.

In addition, Plaintiffs allege that "[t]he Substitute Trustee conducting the foreclosure sale on behalf of U.S. Bank was not appointed according to the terms of the Deed of Trust and no Notice of Substitute Trustee was provided to Plaintiffs."[81]  Plaintiffs further allege that they "were not given proper notice of the foreclosure sale" because "the Notice of Substitute Trustee

---

[79]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, pp. 35-36 ¶ 112(e).

[80]Deed of Trust, Exhibit B to Original Petition, Docket Entry No. 1-2, p. 16 ¶ 19.

[81]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, p. 34 ¶ 112(a).

-39-

Foreclosure Sale was not signed."[82]  In making these allegations, Plaintiffs appear to allege a cause of action for wrongful foreclosure, as these allegations potentially represent a defect in the foreclosure sale proceedings.  See Hunt v. BAC Home Loans Servicing, LP, No. C-11-261, 2012 WL 219330, at *5 (S.D. Tex. Jan. 24, 2012).  Indeed, the only authority that Plaintiffs cite in support of their claims is the portion of Hunt dealing with a claim for wrongful foreclosure.[83]  Id. at *4-*5.  In order to state a claim for wrongful foreclosure, however, Plaintiffs must also allege a grossly inadequate selling price and a causal link between the procedural defect and the selling price.  Id. at *5-*6.  Here, however, there has not been a foreclosure sale.[84]  Accordingly, there does not appear to be "an actual controversy arising under other substantive law" that could support an action for declaratory judgment on any of Plaintiffs' alleged "procedural defects."  See Morlock, L.L.C. v. JP Morgan Chase Bank, N.A., No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 2012) (asserting that an action for declaratory judgment "is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law" (citing Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 57 S. Ct. 461, 463 (1937);

---

[82]Id. at 34-35 ¶ 112(b).

[83]Id.

[84]Motion to Dismiss, Docket Entry No. 6, p. 18 ¶ 34.

-40-

Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1178 (5th Cir. 1984))), aff'd, No. 12-20623, 2013 WL 2422778 (5th Cir. June 4, 2013). Plaintiffs' claims for declaratory judgment for alleged procedural defects will therefore be dismissed.

    8.   Declaratory Judgment as to Standing

    Plaintiffs allege that U.S. Bank does not have standing to foreclose.[85] However, as explained in § III.B.5 above, U.S. Bank is the current assignee of the Deed of Trust. Plaintiffs contend that "[t]o have the power of sale, U.S. Bank must meet the definition of Lender under [paragraph] 22 of this [Deed of Trust]."[86] However, paragraph 22 contains no such requirement.[87] Indeed, the Deed of Trust specifically grants the power of sale to the Trustee and provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all . . . interests [granted by the Borrower], including, but not limited to, the right to foreclose and sell the Property."[88] MERS assigned these rights to U.S. Bank.[89] Furthermore, it is well

_____

    [85]Original Petition, attached as Exhibit B-1 to Notice of Removal, Docket Entry No. 1-1, pp. 36-39 ¶¶ 115-125.

    [86]Id. at 38 ¶ 123.

    [87]See Deed of Trust, Exhibit B to Original Petition, Docket Entry No. 1-2, p. 17 ¶ 22.

    [88]Id. at 9.

    [89]See Assignment of Deed of Trust, Exhibit B-2 to Motion to Dismiss, Docket Entry No. 6, p. 57 (assigning all "right, title, and interest" to the Deed of Trust to U.S. Bank).

established that the owner of the Deed of Trust need not own the
underlying Note in order to foreclose. Wiley v. Deutsche Bank Nat.
Trust Co., 539 F. App'x 533, 536 (5th Cir. 2013) ("'The party to
foreclose need not possess the note itself.'  So long as it is a
beneficiary named in the deed of trust or an assign, that party may
exercise its authority even if it does not hold the note itself."
(citations omitted) (quoting Martins v. BAC Home Loans Servicing,
L.P., 722 F.3d 249, 255 (5th Cir. 2013))).  Accordingly,
Plaintiffs' claims regarding Defendants' standing to foreclose will
be dismissed.[90]

## IV.  Leave to Amend

Plaintiffs request leave to amend their complaint "if the
court determines that Plaintiffs have failed to state a claim."[91]
However, Plaintiffs have had ample opportunity to fully brief the
issues and have not explained how an amendment would save any of

---

[90]Plaintiffs also seek a declaratory judgment that Defendants'
attorney's fees are not reasonable and necessary and a permanent
injunction preventing Defendants from "charging Plaintiffs' account
for attorney's fees in connection with this action."  Original
Petition, attached as Exhibit B-1 to Notice of Removal, Docket
Entry No. 1-1, pp. 39-40 ¶¶ 128-29.  However, Plaintiffs have not
alleged that Defendants have sought to recover any attorney's fees
in connection with this action.  No argument or evidence has been
presented by either party on Defendants' entitlement to charge
Plaintiffs' account for attorney's fees or the reasonableness of
any fees sought to be recovered.  Because Defendants' entitlement
to recover their attorney's fees from Plaintiff and the reasonable-
ness of any fees sought to be recovered cannot be determined at
this stage of the proceedings, the court declines to address the
issue at this time.

[91]Response, Docket Entry No. 9, p. 6.

their claims, nor have they attached a copy of their proposed amended complaint. Plaintiffs' request for leave to amend will therefore be denied.

### V.  Conclusions and Order

For the reasons explained above, the court concludes that Plaintiffs have failed to state a plausible claim for relief against Bank of America under any theory of liability advanced in their Original Petition. All of Plaintiffs' claims against Bank of America are therefore **DISMISSED with prejudice**.

For the reasons explained in § III.B.2(b) above, the court concludes that Plaintiffs state a plausible claim for relief against U.S. Bank under 15 U.S.C. § 1641(g). For the reasons explained in § III above, the court concludes that Plaintiffs have failed to state a plausible claim for relief against U.S. Bank under any other theory advanced in their Original Petition. Accordingly, with the exception of their claims under 15 U.S.C. § 1641(g), all of Plaintiffs' claims against U.S. Bank are **DISMISSED with prejudice**.

Defendants U.S. Bank, National Association, Successor Trustee and Bank of America, N.A.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 6) is therefore **GRANTED IN PART** and **DENIED IN PART**.

For the reasons explained in § IV above, Plaintiffs' request for leave to amend (Plaintiffs' Response, Docket Entry No. 9, page 6) is **DENIED**.

Defendant First Franklin has not filed an answer.  Plaintiffs will advise the court within fourteen days of the entry of this Memorandum Opinion and Order whether they intend to proceed against First Franklin and, if so, the status of service.

**SIGNED** at Houston, Texas, on this the 4th day of March, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-44-